IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JEREMY WALTON,<br><br>            Plaintiff,<br><br>v.<br><br>ENHANCED RECOVERY<br>COMPANY, LLC,<br><br>            Defendant. | )<br>)<br>)<br>)<br>)<br>)  **JURY TRIAL DEMANDED**<br>)<br>)<br>)<br>) |

## COMPLAINT

NOW COMES the Plaintiff, JEREMY WALTON, by and through his attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for his complaint against the Defendant, ENHANCED RECOVERY COMPANY, LLC, Plaintiff states as follows:

### I.    PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II.    JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.    PARTIES

4. JEREMY WALTON, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Lexington, County of Dawson, State of Nebraska.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to Barclays Bank Delaware (hereinafter "Barclays").

1

6. The debt that Plaintiff allegedly owed Barclays was for a credit card, on which charges were incurred primarily for the personal use of Plaintiff and/or for household expenditure.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. ENHANCED RECOVERY COMPANY, LLC, (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Nebraska. Defendant is registered as a limited liability company in the State of Delaware.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV. <u>ALLEGATIONS</u>

14. In or around February 2010 through August 2010, and on multiple occasions therein, Defendant initiated multiple telephone calls to Plaintiff at his place of employment in an attempt to collect a debt he allegedly owed to Barclays.

15. During the aforesaid time period Plaintiff engaged in multiple telephone calls with Defendant.

16. During the course of the aforementioned telephone calls between Plaintiff and Defendant, Plaintiff specifically advised Defendant, on multiple occasions, that his employer did not permit him to accept calls of such nature while he is at work.

17. In or around February 2010 through August 2010, despite being advised, on multiple occasions, that Plaintiff's employer prohibited him from receiving calls such as those from Defendant, Defendant proceeded to initiate multiple telephone calls to Plaintiff at his place of employment.

18. Prior to August 4, 2010, on multiple occasions prior thereto, Barclays sent credit card statements to Plaintiff at his residential mailing address relative to the debt he allegedly owed to Barclays.

19. As a result, upon information and belief, prior to August 4, 2010, Defendant was aware of Plaintiff's residential mailing address.

20. On or about August 4, 2010, notwithstanding Defendant's awareness of Plaintiff's residential mailing address, Defendant proceeded to send correspondence to Plaintiff at his place of employment relative to the debt Plaintiff allegedly owed to Barclays.

21. On or about August 4, 2010, despite being advised, on multiple occasions, that Plaintiff's employer prohibits Plaintiff from having contact with Defendant while at his place of

employment, Defendant sent the aforesaid correspondence to Plaintiff at his place of employment in a further attempt to collect the debt he allegedly owed to Barclays.

22. On or about August 12, 2010 through on or about August 25, 2010, Defendant initiated at least one (1) telephone call to Plaintiff every day, during the aforesaid time period, in a further attempt to collect the debt he allegedly owed to Barclays.

23. On or about August 26, 2010, Defendant initiated two (2) telephone calls to Plaintiff in a single day in a further attempt to collect the debt he allegedly owed.

24. On or about September 2, 2010, Defendant initiated four (4) telephone calls to Plaintiff in a single day in a further attempt to collect the debt allegedly owed.

25. From on or about August 19, 2010 through on or about September 2, 2010, during a two (2) week time period, Defendant initiated approximately twenty-three (23) telephone calls to Plaintiff.

26. The repetitive calls made by Defendant to Plaintiff were disturbing, harassing, and had the effect of making Plaintiff feel concerned and suspicious about answering the telephone.

27. In or around February 2010 through August 2010, and on multiple occasions therein, Defendant initiated multiple automated telephone calls to Plaintiff.

28. At no time during the course of the aforementioned automated telephone calls to Plaintiff did Defendant provide information relative to the individual caller's identity.

29. At no time during the course of the aforementioned automated telephone calls to Plaintiff did Defendant provide information relative to its identity.

30. In its attempts to collect the debt allegedly owed by Plaintiff to Barclays, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

    a. Communicated with the consumer at an unusual time and place or at a time or place which should be known to be inconvenient to the consumer in violation of 15 U.S.C. § 1692c(a)(1);

    b. Communicated with the consumer at the consumer's place of employment despite knowing or having reason to know that the consumer's employer prohibits the consumer from receiving such communication in violation of 15 U.S.C. §1692c(a)(3);

    c. Engaged in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. §1692d;

    d. Caused a telephone to ring or engaged any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number in violation of 15 U.S.C. §1692d(5);

    e. Placed a telephone call to a consumer without meaningful disclosure of the caller's identity in violation of 15 U.S.C. §1692d(6);

    f. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

    g. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

    h. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f; and,

    i. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

31. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V. JURY DEMAND

32. Plaintiff hereby demands a trial by jury on all issues so triable.

33. The Plaintiff, JEREMY WALTON, by and through his attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and pursuant to Nebraska Civil Rule 40.1(b), hereby respectfully requests that the trial of this matter proceed in either Omaha or Lincoln.

## VI.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff, JEREMY WALTON, by and through his attorneys, respectfully prays for judgment as follows:

      a.     All actual compensatory damages suffered;

      b.     Statutory damages of $1,000.00;

      c.     Plaintiff's attorneys' fees and costs;

      d.     Any other relief deemed appropriate by this Honorable Court.


Respectfully submitted,
**JEREMY WALTON**


By:    s/ David M. Marco
      Attorney for Plaintiff

Dated: October 6, 2010

David M. Marco (Atty. No.: 6273315)
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, 40th Floor
Chicago, IL 60601
Telephone:   (312) 222-9028 (x812)
Facsimile:   (888) 418-1277
E-Mail:   dmarco@smithlaw.us