IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JEREMY WALTON, )<br>)<br>Plaintiff, )<br>)<br>V. )<br>)<br>ENHANCED RECOVERY )<br>COMPANY, LLC, )<br>)<br>Delaware. ) | CASE NO.: 4:10-CV-03195 |

ANSWER AND AFFIRMATIVE DEFENSES

Defendant, by and through its undersigned counsel, answers Plaintiff's complaint and pleads affirmative defenses as follows:

I.   PRELIMINARY STATEMENT

1.   Defendant admits that Plaintiff brought this suit for alleged violations of the Fair Debt Collection Practices Act (the "FDCPA"); otherwise denied.

II.   JURISDICTION AND VENUE

2.   Defendant admits the allegations in paragraph 2 of Plaintiff's Complaint only for jurisdictional purposes.

3.   Defendant is without sufficient information to either admit or deny the allegations in paragraph 3 of Plaintiff's Complaint and therefore Defendant denies such allegations.

II.   PARTIES

4.   Defendant is without sufficient information to either admit or deny the allegations in paragraph 4 of Plaintiff's Complaint and therefore Defendant denies such allegations.

5.   Defendant admits the allegations in paragraph 5 of Plaintiff's Complaint.

6. Defendant is without sufficient information to either admit or deny the allegations in paragraph 6 of Plaintiff's Complaint and therefore Defendant denies such allegations.

7. Defendant is without sufficient information to either admit or deny the allegations in paragraph 7 of Plaintiff's Complaint and therefore Defendant denies such allegations.

8. Defendant admits that it is in the business of collecting debts and is a limited liability company registered in Delaware; otherwise denied.

9. Defendant admits the allegations in paragraph 9 of Plaintiff's Complaint.

10. Defendant admits the allegations in paragraph 10 of Plaintiff's Complaint.

11. Defendant admits that it is in the business of collecting debts and uses the mailing system and telephone to communicate with debtors; otherwise denied.

12. Defendant is without sufficient information to either admit or deny the allegations in paragraph 12 of Plaintiff's Complaint and therefore Defendant denies such allegations.

13. Defendant is without sufficient information to either admit or deny the allegations in paragraph 13 of Plaintiff's Complaint and therefore Defendant denies such allegations.

## IV. ALLEGATIONS

14. Defendant admits it attempted to collect a debt from the Plaintiff/debtor at his place of employment; otherwise denied.

15. Defendant denies the allegations in paragraph 15 of Plaintiff's Complaint.

16. Defendant denies the allegations in paragraph 16 of Plaintiff's Complaint.

17. Defendant denies the allegations in paragraph 17 of Plaintiff's Complaint.

18. Defendant is without sufficient information to either admit or deny the allegations in paragraph 18 of Plaintiff's Complaint and therefore Defendant denies such allegations.

19. Defendant denies the allegations in paragraph 19 of Plaintiff's Complaint.

20. Defendant admits that it communicated with Plaintiff at his place of employment regarding the debt he owes; otherwise denied.

21. Defendant denies the allegations in paragraph 21 of Plaintiff's Complaint.

22. Defendant denies the allegations in paragraph 22 of Plaintiff's Complaint.

23. Defendant admits that it called Plaintiff at his place of employment on two occasions on 8/26/10 without the call being answered; otherwise denied.

24. Defendant admits that it called Plaintiff's place of employment four times but only left a single message; otherwise denied.

25. Defendant admits it initiated twenty-three telephone calls to Plaintiff from 8/19/10 through 9/2/10 but only left seven messages with the remainder of the calls resulting in no contact with the Plaintiff.

26. Defendant denies the allegations in paragraph 26 of Plaintiff's Complaint.

27. Defendant denies the allegations in paragraph 27 of Plaintiff's Complaint.

28. Defendant denies the allegations in paragraph 28 of Plaintiff's Complaint.

29. Defendant denies the allegations in paragraph 29 of Plaintiff's Complaint.

30. Defendant denies the allegations in paragraph 30 of Plaintiff's Complaint.

31. Defendant denies the allegations in paragraph 31 of Plaintiff's Complaint.

## V.     JURY DEMAND

32. Defendant admits that Plaintiff sought a trial by jury.

33. Defendant admits that Plaintiff requested this matter proceed in either Omaha or Lincoln; otherwise denied.

## VI.     PRAYER FOR RELIEF

34. Defendant denies Plaintiff is entitled to any relief requested.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, either in whole or in part, by the applicable statute of limitations.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff failed to state a cause of action on which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by Plaintiff's failure to mitigate his alleged damages.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's alleged damages were caused in whole or in part by Plaintiff.

### FIFTH AFFIRMATIVE DEFENSE

Through its policies and procedures, Defendant, at all times material to this lawsuit, exercised reasonable care to prevent and correct promptly any alleged unlawful behavior.

### SIXTH AFFIRMATIVE DEFENSE

Defendant had reasonable grounds for believing that its actions with respect to Plaintiff were not in violation of the law.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant reserves the right to add any additional defenses which may become available as Plaintiff's legal theories or additional facts are revealed by discovery.

Respectfully submitted,

SMITH, GAMBRELL & RUSSELL, LLP

s/Michele F. Martin
Michele F. Martin
Admitted Pro Hac Vice
Florida Bar No. 0474940
50 N. Laura Street, Suite 2600
Jacksonville, FL 32202
Phone:  904-596-6131
Facsimile:  904-598-6231

### Certificate of Service

I hereby certify on the 26th day of November, 2010, I filed the foregoing with the Clerk of Court using CM/ECF which will send electronic notification to the following:  David M. Marco (dmarco@smithlaw.us) and Larry P. Smith (lsmith@smithlaw.us).

s/ Michele F. Martin